{¶ 104} I dissent to the majority's decision to sustain appellant's third and fourth assignments of error, dealing with deviation from the minimum sentence and imposition of the maximum sentence. First, I would uphold the trial court's imposition of the maximum sentence for attempted aggravated murder and overrule appellant's fourth assignment of error. Contrary to the position of the majority, I believe that the trial court made the requisite findings with reasons. The trial court specifically noted that it must determine whether appellant committed the worst form of the offense. The court then concluded that appellant did. The trial court explicitly gave its reasons for this opinion when it mentioned that appellant shot the victim in the head in two places and noted that it cannot get much closer to death than this. The trial court conversely noted that if no one was harmed, that would be a less serious offense. I would hold that the trial court sufficiently stated its finding that appellant committed the worst form of the offense and supported its finding with the reasons therefor as required by R.C.2929.14(C) and R.C. 2929.19(B) (2)(d).
 {¶ 105} We often state that talismanic or magic words are not required. Here, I believe the majority is imposing those characteristics on the aforementioned statutory sections. I also believe that the trial court in fact used the specific words in this case. To conform with the opinion of my colleagues, the trial court would be well-advised to exactly quote the pertinent language from the minimum, maximum, and consecutive sentencing statutory schemes (depending on which are being applied), and, in the case of maximum and consecutive sentences, immediately connect some supportive reasons to each piece of each quote.
 {¶ 106} As for references in the majority opinion to ourHiggenbotham case, I must note that Higgenbotham is wholly distinguishable from the present case. In Higgenbotham, we wrote that at no point did the court indicate that the defendant committed the worst form of the offense. We noted that the court gave good reasons which would have sufficiently supported such a finding if such a finding had been set forth. Here, the majority agrees that the court set forth sufficient reasons but finds that the court failed to make the finding. I believe the court did make the finding that the defendant committed the worst form of the offense. In Higgenbotham, we were wary of making an assumption that the court's reasoning meant it would have chosen the worst form of the offense category over the other three available categories. Here, we do not need to make this assumption or choice; we know which category the court chose.
 {¶ 107} Next, I would uphold the trial court's imposition of an eight-year sentence for aggravated burglary. Before explaining my position, I would note that this court has previously taken positions consistent with the view that if imposition of the maximum is warranted, then the court need not make findings regarding deviation from the minimum. See, e.g., State v. Rogers (March, 14, 2001), 7th Dist. No. 01CO5; State v. Palmer (Nov. 19, 2001), 7th Dist. No. 99CA6 (noting how R.C. 2929.14(B) provides, "[e]xcept as provided in division (C)"). Hence, we should avoid such an in depth analysis relying on case law from other districts and rather we should rely on the plain language of R.C.2929.14(B) and our own case law.
 {¶ 108} Now, if findings and reasons supporting a maximum are enough to support a deviation from the minimum in a case where the maximum is imposed, then these same findings and reasons sufficient to support the maximum should also be enough to support a deviation from the minimum in a situation where the court does not actually impose the maximum. Concerning the aggravated burglary, the court deviated from the minimum of three years. However, the court made a finding supported by reasons that would support imposition of the maximum. As outlined supra, the trial court stated that appellant committed the worst form of the offense and listed its reason for this conclusion as the use of a large rifle to shoot at the victim, causing two head wounds.
 {¶ 109} Here, it was not just the attempted aggravated murder offense that revolved around the use of the rifle. The aggravated burglary was grounded in the fact that appellant inflicted physical harm. R.C. 2911.11(A)(1). The acts outlined in this section, division, and subdivision can also be committed by attempting to inflict physical harm or by merely threatening to inflict physical harm. Id. Thus, when the court spoke about the offense being the worst form due to the head shot, it made the requisite finding supported by reasons for aggravated burglary as well as for attempted aggravated murder. As such, the court could have sentenced appellant to the maximum sentence for aggravated burglary. Thus, the court was not required to state why it was deviating from the minimum. The fact that the court did not impose the maximum even though it could have is irrelevant.
 {¶ 110} Lastly, I must again respond to the other quote (on pages 9-10 of the majority opinion) to our language in Higgenbotham. Yes,Higgenbotham says that the court must state on the record the finding for deviating from a minimum sentence. However, this quote is inapplicable under my analysis supra and due to the distinguishable factual scenarios. In Higgenbotham, we noted that the court failed to make the required maximum sentence findings. Thus, it had to make the minimum sentence findings to deviate from the minimum. As the majority explains and as this court has previously held, where the court has properly gone through the maximum sentence findings and reasons, it need not go through the minimum sentence findings. Thus, the quote from Higgenbotham on pages 9-10 of the majority opinion is inapplicable, and it actually contradicts the statements of law set forth in the opinion on pages 7-9.
 {¶ 111} In conclusion and for the sake of clarity, the sole difference in opinion between myself and the majority opinion is that I read the transcript in this case as sufficiently setting forth the trial court's opinion that appellant committed one of the worst forms of the offense.
 {¶ 112} For the foregoing reasons, I must concur in part and dissent in part. Specifically, I concur in the resolution of all assignments of error except the third and fourth.